**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| KENYOTTA B. HARVEY, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CASE NO.: 1:25-CV-11 (LAG) (ALS) |
| : | |
| SHREIFF ERIC BRYANT, : | |
| : | |
| Respondent. : | |
| : | |

# **ORDER**

*Pro se* Petitioner Kenyotta Harvey, a previous pre-trial detainee in the Sumter County Jail in Americus, Georgia, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). On February 5, 2025, the Court ordered Petitioner to pay the $5.00 filing fee or if indigent, file a motion to proceed *in forma pauperis*. (Doc. 3). Petitioner was given fourteen days to comply with the Court's order. (*Id.*). Petitioner failed to respond. (*See* Docket). Therefore, on March 6, 2025, the Court ordered Petitioner to show cause why his action should not be dismissed for failure to respond to an Order of the Court. (Doc. 4). Petitioner was again given fourteen days to respond. (*Id.*). The Court's Order to Show Cause was returned to the Court as undeliverable. (Doc. 5). A review of the online jail roster for the Sumter County Jail indicates that Petitioner is no longer incarcerated in that facility. *See* https://interopweb.com/sumterso/ (Last visited, April 1, 2025).

Due to Petitioner's failure to follow the Court's Orders and prosecute this action as well as his failure to update his address with the Court, this civil action is hereby **DISMISSED without prejudice**. Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (first citing Fed. R. Civ. P. 41(b); then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court

may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").[1]

       **SO ORDERED**, this 2nd day of April, 2025.

       /s/ Leslie A. Gardner
       **LESLIE A. GARDNER, CHIEF JUDGE**
       **UNITED STATES DISTRICT COURT**

---

[1] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Federal Rule of Civil Procedure 41(b) is not inconsistent with the any of the Habeas Rules.